**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10360 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00217-DAD-BAM-1 |
| v. | |
| KIMBERLY ENGLISH, AKA Kimberly Brown-English, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 16, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Kimberly English appeals the sentence imposed following her jury conviction for two counts of filing a fraudulent tax return by an employee of the United States, and four counts of making an opportunity for a person to defraud the United States, arising out of her preparation and filing of fraudulent tax returns on behalf of herself and others. 26 U.S.C. § 7214(a)(7), (a)(5). English argues that the district court abused its discretion by imposing a two-level adjustment for her use of a "special skill" pursuant to U.S. Sentencing Guidelines § 3B1.3. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court identified the correct legal standard when it selected and interpreted U.S.S.G. § 3B1.3. The court found that English had "specialized training" that was "not possessed by members of the general public." These are nearly exact quotes from § 3B1.3 and application note 4. *See* U.S.S.G. § 3B1.3 ("If the defendant . . . used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels."); U.S.S.G. § 3B1.3 cmt. n.4 ("'Special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training, or licensing.").

Second, English's many years as an Internal Revenue Service ("IRS") employee and her specialized training were sufficient to support the application of the special skill enhancement. In determining whether a skill constitutes a "special

2

skill" within the meaning of the Guidelines, we consider: (1) "whether the skill is possessed by members of the general public," and (2) "whether the skill requires substantial training, education or licensing, and is analogous to the skills described in the application note." *United States v. Corona-Verbera*, 509 F.3d 1105, 1120 (9th Cir. 2007).

As for the first step, the preparation of other's returns is not an activity in which the general public typically engages. It is a skill which is often exercised by accountants, a group of individuals expressly identified in the Guidelines as holding "special skills." U.S.S.G. § 3B1.3 cmt. n.4. English prepared tax returns for at least 15 other individuals. From this, the district court could infer her skill at preparing tax returns was not a skill possessed by the general public. Last, English charged money for her services, from which the district court could infer that she was selling a service not possessed by members of the general public.

As for the second step, English became familiar with certain aspects of tax law during her employment by the IRS. By early 2012, she knew the tests that the IRS used to determine whether a taxpayer can properly claim head of household filing status, dependents, child tax credit, and additional child tax credit. Upon being promoted to a Correspondence Exam Technician ("CET") in 2012, English participated in an eight-week training course, which included 112 hours of

hands-on lab training. English gained additional familiarity with exemptions and other areas of tax law during her "on-the-job instruction" period when she was assigned a coach to oversee her work. As a CET, English was responsible for fielding and answering questions from taxpayers.

Furthermore, the knowledge, training, and experience that English acquired during her employment by the IRS facilitated her preparation and filing of the charged returns. *See* U.S.S.G. § 3B1.3 (special skill enhancement appropriate where the defendant "used a special skill[] in a manner that significantly facilitated the commission or concealment of the offense"). By the end of 2012, English had received specialized training regarding the very deductions, exemptions, and credits that were fraudulent in the 2012 charged returns, which she filed in the spring of 2013.

**AFFIRMED**.